# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| **ISSAC HOLLIS** | **CIVIL ACTION NO. 3:13-cv-2986** |
|     **LA. DOC #547824** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **SHERIFF RICKY JONES, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Issac Hollis, proceeding *in forma pauperis*, filed the instant civil rights complaint (42 U.S.C. §1983) on November 1, 2013. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC). He is incarcerated at the Tensas Parish Detention Center (TPDC) and he complains that he was assaulted by inmates and thereafter experienced a one hour delay before he was transported to the hospital for treatment. He sued Sheriff Ricky Jones, Warden John Smith, and Assistant Warden Fred Schoonover and prayed for compensatory damages and a transfer to another facility. This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

### *Statement of the Case*

On June 29, 2013, plaintiff was assaulted by inmates in the Delta Dorm. He was beaten and stabbed 8 times. He sustained a puncture wound to the lung. He alerted the guards to his plight and he was taken to the medical department.  He waited there for approximately 1 hour until  the transportation officer arrived and transported him to the E.A. Conway Hospital where

he was treated and hospitalized for four days.

He was returned to TPDC and placed in confinement hall cell #5 which had no ventilation. He remained there for 3 weeks and then was returned to the Dorm.  He complains that although the Dorm is equipped with security cameras, prison staff were unable to identify his assailants.

### Law and Analysis

#### 1. Screening

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his  complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Failure to Protect*

Plaintiff's right to protection from inmate violence is governed by the Eighth Amendment's prohibition of cruel and unusual punishment and is measured by the standard of subjective deliberate indifference enunciated by the Supreme Court in *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  Under that standard, a prison official is not liable for failing to protect an inmate unless the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  In order to prevail, plaintiff must establish that the defendant officials: (1) were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and, (2) actually drew the inference. *Farmer*, 511 U.S. at 837. Negligent inaction can never be the basis of a failure to protect claim. *Farmer*, 511 U.S. at 835.

The legal conclusion of deliberate indifference must rest on facts clearly evincing "wanton" actions on the part of defendants. *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985).  In *Smith v. Wade*, 461 U.S. 30, 39 n. 8, 103 S.C. 1625, 1632 n. 8, 75 L.Ed.2d 632 (1983), the Court approved the following definition of wanton:  "'Wanton means reckless – without regard to the rights of others ... Wantonly means causelessly, without restraint, and in reckless disregard of the rights of others. Wantonness is defined as a licentious act of one man towards the person of another, without regard to his rights; it has also been defined as the conscious failure by one charged with a duty to exercise due care and diligence to prevent an injury after the discovery of the peril, or under circumstances where he is charged with a knowledge of such peril, and being conscious of the inevitable or probable results of such failure.' 30 American and English Encyclopedia of Law 2-4 (2d ed. 905) (footnotes omitted)."

3

Nothing in plaintiff's complaint suggests that the defendants were guilty of deliberate indifference with regard to June 29, 2013, altercation between plaintiff and his fellow inmates. Nothing suggests that these defendants were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed. In any event, even assuming that the defendants were aware of such facts, nothing suggests that they actually drew such an inference.

Additionally, in considering whether defendants have failed to protect an inmate, Courts must look to whether there was a "substantial" or "pervasive" risk of harm preceding the assault. A "pervasive" risk of harm may not ordinarily be shown by pointing to a single or isolated incident. *See e.g. Falls v. Nesbitt*, 966 F.2d 375, 378 (8th Cir.1992) (holding a "pervasive risk" is something more than a single incident and something less than a riot). Here plaintiff alleged no facts to suggest that the attack on him was at all foreseeable. Inmates are unlikely to recover under Section 1983 for injuries sustained in an isolated assaults unless they can prove that the authorities either "set him up" for the assault or deliberately ignored his repeated <u>and clearly well-founded claims of danger</u>. There are no allegations that the defendants set plaintiff up for the attack or ignored specific claims of danger prior to the attack. The facts alleged do not demonstrate that the defendants inferred that plaintiff was at risk of an event such as the one complained of. Further, it does not appear that the attack was a foreseeable consequence of any violations of prison policy. Therefore, plaintiff's failure to protect claim fails to state a claim for which relief may be granted.

### 3. Medical Care

Plaintiff also complains that he was denied prompt and adequate medical care for the injuries he sustained in the altercation with his fellow inmates. The constitutional right of a

convicted prisoner to safe conditions of confinement and prompt and adequate medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment. Rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm which results in injury. Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm.  Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm.  *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Thus, in order to establish an actionable constitutional violation a plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety.  *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted). Furthermore, as previously noted, deliberate indifference is not the equivalent of negligence; deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under the deliberate indifferent standard, it is not sufficient that defendants should have known of a substantial risk; they must have actual knowledge of the risk and must thereafter have ignored it.  In other words, a civil rights  plaintiff must allege and prove that each of the  defendants knew of and then disregarded an <u>excessive risk</u> of injury to him, and,  that they were both aware of the facts from which the inference could be drawn that a <u>substantial risk of</u>

serious harm existed, and that they drew that inference. *Id.* at 837.

Here plaintiff does not allege that he was denied appropriate medical care; instead, he complains that medical staff failed to summon an ambulance thus causing a one hour delay before plaintiff was transported to the hospital. A delay in providing medical care can violate the Eighth Amendment, but only if there has been deliberate indifference that results in substantial harm. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).  Other than the complaint that he "suffer[ed] needlessly" during the one hour delay, he has not identified any "serious harm" that befell him as a result of the defendants' failure to summon an ambulance. Again, he fails to state a claim for which relief may be granted.

### 4. Transfer

Plaintiff sued Sheriff Jones and Wardens Smith and Schoonover.  In addition to money damages, his prayer for relief also seeks prospective injunctive relief –  an immediate transfer to another facility.  Plaintiff is an inmate in the custody of the DOC. Under Louisiana law, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. The director of corrections shall assign each newly committed inmate to an appropriate penal or correctional facility. The director may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department..." La. R.S.15:824(A).  Plaintiff is an DOC inmate and therefore his placement is solely within the purview of the DOC.

Broad discretionary authority must be afforded to prison administrators because the

administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974) To hold  that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948).

Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution.  *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976);  *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984);  *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000). Clearly, plaintiff is not entitled to the relief prayed for, i.e. his transfer to another facility. His complaint must be dismissed for failing to state a claim for which relief may be granted.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation

to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Monroe, Louisiana, December 10,  2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE